IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| HERMAN VAN UDEN,<br><br>Plaintiff,<br><br>vs.<br><br>ASSISTANT WARDEN JIM SOLOMENSEN, DR. REES and INFIRMARY WORKER JANET,<br><br>Defendants. | CV 18-00069-H-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter is pending on Defendant Rees's Motion for Summary Judgment filed August 29, 2019 (Doc. 55) and a letter sent by Plaintiff Herman Van Uden to the Clerk of Court indicating that he will no longer send legal mail from Montana State Prison, that he will be out of prison in about 10-11 months, and that he plans to start his case over after he gets out of prison (Doc. 59). The Court has construed Mr. Van Uden's letter as a Motion for Voluntary Dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

After the opposing party has served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," unless there is "a stipulation of

1

dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a). "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court . . .." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

Defendants concur in the motion to dismiss but request that the dismissal be with prejudice in light of their pending motion for summary judgment. A dismissal with prejudice would preclude Mr. Van Uden from refiling his claims. Unless otherwise stated, a dismissal under Rule 41(a)(2) is without prejudice. While a dismissal without prejudice is the default position stated in Rule 41(a)(2), courts maintain broad discretion whether to dismiss an action with or without prejudice. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

Mr. Van Uden seeks to voluntarily dismissed his claims at the summary judgment stage, after ample opportunity to conduct discovery and develop support for his claims. The Court's preliminary assessment prior to Mr. Van Uden's decision to voluntarily dismiss the case was that his claims would not have survived summary judgment. Mr. Van Uden should not be permitted to evade summary judgment on unmeritorious claims by voluntarily dismissing the claims and later reinstating them. The Court therefore recommends that this matter be dismissed with prejudice.

Mr. Van Uden has 14 days from the date of these Recommendations to either (1) withdraw his motion or (2) consent to the dismissal despite the condition that it be dismissed with prejudice. *See Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 931 (9th Cir. 1986) (holding that a plaintiff be given a "reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing her motion for dismissal or to accept the dismissal despite the imposition of conditions."). A failure to respond within the 14-day window shall constitute a consent to dismissal with prejudice. If he chooses to withdraw his motion, he will be given an opportunity to file a response to Defendant Rees's Motion for Summary Judgment.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. Unless Mr. Van Uden timely withdraws his request to dismiss the case, his August 30, 2019 Letter (Doc. 59) as construed as a motion for voluntary dismissal should be GRANTED and this matter DISMISSED WITH PREJUDICE.

2. The Clerk of Court should be directed to terminate all pending motions, close this matter, and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of October, 2019.

      */s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[1] Mr. Van Uden is entitled an additional three (3) days after the fourteen-day period would otherwise expire to file his objections. *See* Fed.R.Civ.P. 6(d).